1

2

3

4               UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6                   SAN JOSE DIVISION

7

8    MITCHEL CONSTANTIN,                    Case No.  22-cv-07075-VKD

              Plaintiff,
9
                                            **ORDER GRANTING DEFENDANT'S**
10        v.                                **MOTION TO DISMISS**

11   JORGE E. NAVARRETE,                     Re: Dkt. No. 7

              Defendant.
12

13

14        Mitchel Constantin, who is representing himself, sues Jorge Navarrete, the Clerk and

15   Executive Officer of the California Supreme Court, for alleged violations of Title II of the

16   Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq*., and for alleged violations

17   of his constitutional and statutory rights under 42 U.S.C. § 1983.  Compl. ¶¶ 11-12.[1]  Mr.

18   Navarrete moves to dismiss all claims in the complaint for failure to state a claim pursuant to Rule

19   12(b)(6).  Dkt. No. 7.  Mr. Constantin opposes the motion.  Dkt. No. 10.[2]  The Court finds the

20   matter suitable for decision without oral argument.  Dkt. No. 15.  Upon consideration of the

21   moving and responding papers, the Court grants Mr. Navarrete's motion and dismisses the

22

23   _____

24   [1] The Court uses "Compl." to refer to pages and paragraphs in Mr. Constantin's complaint, which
     is attached as Exhibit A to Mr. Navarrete's notice of removal.  *See* Dkt. No. 1.

25   [2] All named parties have expressly consented that all proceedings in this matter may be heard and
     finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 9.
26   Mr. Constantin also asserts his claims against several unidentified "Doe" defendants.  Compl.
     ¶¶ 13-14.  Doe defendants are not "parties" for purposes of assessing whether there is complete
27   consent of all parties to magistrate judge jurisdiction.  *See Williams v. King*, 875 F.3d 500, 502–05
     (9th Cir. 2017); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1
28   n.1 (N.D. Cal. Feb. 28, 2020).

United States District Court
Northern District of California

1    complaint, with leave to amend.

2    **I.    BACKGROUND**

3            The following facts are based on the allegations in Mr. Constantin's complaint, as well as

4    court records from Mr. Constantin's underlying state court litigation.

5            Mr. Constantin alleges that he has autism spectrum disorder and anxiety disorder and

6    "struggles with learning generally, learning legal concepts, thinking, speaking, concentrating,

7    communicating, getting help, and more." Compl. ¶ 4.  Since 2016, Mr. Constantin has been a

8    party to a child support case in Santa Cruz County Superior Court.  *See Cassie C. v. Mitchel C.*,

9    No. H047138, 2023 WL 2237625 (Cal. Ct. App. Feb. 27, 2023).  In July of 2019, he appealed

10   certain orders in that case to the California Court of Appeal, Sixth Appellate District.  *Id.* at 3 n. 9;

11   Dkt. No. 7-1 at ECF 4.[3]

12           On November 4, 2021, while his Court of Appeal case was still pending, Mr. Constantin

13   filed an "Application for an Oversized Petition" in the California Supreme Court.  Compl. ¶ 26;

14   Dkt. No. 1 at ECF 172-180.  The application asked the court's permission to file a 471-page

15   petition, including exhibits, to transfer Mr. Constantin's appeal to the Supreme Court.[4]  Dkt. No. 1

16   at ECF 175; Dkt. No. 7-1 at ECF 11-482.  Mr. Constantin's application included a section titled

17   "ADA" in which he explained that he "has extreme difficulty understanding court procedures and

18   has a very hard time getting help" and asked "that his petition [be] accepted as is, legal opinions

19   given on its merits, and any red tape 'cut.'"  Dkt. No. 1 at ECF 177.  He explained that the extra

20   pages were necessary because his disability "makes it difficult for him to anticipate social

21   expectations and predict exactly what is relevant to our justices" and he "has a hard time speaking

22   in his defense during a hearing."  *Id.* at ECF 178.  Mr. Constantin also filed an MC-410 "Request

23

24   [3] The Court uses "ECF" to refer to the pagination of electronically filed documents, rather than a
     document's internal pagination.

25
     [4] California Rule of Court 8.552 provides that "[o]n a party's petition or its own motion, the
26   Supreme Court may transfer to itself, for decision, a cause pending in a Court of Appeal."  Cal. R.
     Ct. 8.552(a).  The Rule also states that "[t]he Supreme Court will not order transfer under this rule
27   unless the cause presents an issue of great public importance that the Supreme Court must
     promptly resolve."  Cal. R. Ct. 8.552(c).  Petitions to transfer are limited to 8,400 words if
28   prepared on a computer, absent permission from the Chief Justice.  Cal. R. Ct. 8.522(d), 8.504(d).

United States District Court
Northern District of California

for Accommodations by Persons with Disabilities and Response" form, reporting that he had "Autism Spectrum Disorder and Anxiety Disorder" and requesting "help with oral argument and court processes so that the appeal may be heard in full."  Compl. ¶ 25; Dkt. No. 1 at ECF 168.

The California Supreme Court denied Mr. Constantin's application on November 4, 2021, the same day it was filed.  Dkt. No. 7-1 at ECF 9.  Mr. Navarrete, in his capacity as Clerk of the Court, sent a letter informing Mr. Constantin of the court's decision as follows:  "The court has considered your application for relief from default and petition for review.  Your application to file an oversized petition has been denied."  Dkt. No. 1 at ECF 184.

On November 23, 2021, Mr. Constantin filed a document titled "ADA Request to Clarify" with the California Supreme Court, requesting an explanation for why the court had denied his application for permission to file an oversized petition.  Compl. ¶ 28; Dkt. No. 1 at ECF 187-89. Mr. Navarrete responded as follows:  "Returned is your 'ADA Request to Clarify' and the application for reconsideration of denial of the application for relief from default.  The court has directed return of such applications for the reason that the California Rules of Court do not authorize reconsideration of such applications."  Dkt. No. 1 at ECF 196.

On December 8, 2021, Mr. Constantin filed another "ADA Request to Clarify," addressed to the Chief Justice of the California Supreme Court.  Compl. ¶¶ 29-30; Dkt. No. 1 at ECF 193-194.  In it, he claimed there was a "misunderstanding" because he did not submit an "application for reconsideration of denial of the application for relief from default" and instead wanted "a clarification of the decision made on 11/04/21."  Dkt. No. 1 at ECF 193.  He asked for "a two-way conversation" as an ADA accommodation and stated that he felt "discriminated against" because of his disability.  *Id.* at ECF 193-94.  The next day, Mr. Navarrete responded on behalf of the court as follows:  "No action may be taken on your letter to the Chief Justice . . . .  The court does not state the reason for the denial of applications brought before it.  The above case has been closed, any letters, motion, applications, or request will not be considered."  *Id.* at ECF 203.

On October 3, 2022, Mr. Constantin filed this lawsuit against Mr. Navarrete in Monterey County Superior Court.  Compl. at 1.  On November 10, 2022, Mr. Navarrete removed the case to federal court.  *See* Dkt. No. 1 at ECF 2.  In his complaint, Mr. Constantin alleges that Mr.

1    Navarrete violated Title II of the ADA by ignoring his MC-410 "Request for Accommodations"

2    form, refusing to permit him to file an oversized petition, failing to provide an explanation for why

3    his request to file an oversized petition was denied, and refusing to "cut the red tape" so that his

4    case could be heard by the California Supreme Court.  Compl. ¶¶ 88-130.  Mr. Constantin also

5    brings section 1983 claims alleging that Mr. Navarrete violated his First Amendment rights of

6    freedom of speech and freedom to petition, failed to train court employees to comply with the

7    ADA and the U.S. Constitution, and violated his Fourteenth Amendment right to due process.  *Id.*

8    ¶¶ 131-172.

9    ## II.    LEGAL STANDARD

10           A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal

11   sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

12   Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts

13   alleged to support a cognizable legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901

14   F.2d 696, 699 (9th Cir. 1990)).  At the motion to dismiss stage, all material allegations in the

15   complaint must be taken as true and construed in the light most favorable to the claimant.  *Id.*

16           The factual allegations in the complaint "must be enough to raise a right to relief above the

17   speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

18   Implausible claims for relief will not survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662,

19   679 (2009).  A claim is plausible if its factual content permits the court to draw a reasonable

20   inference that the defendant is liable for the alleged misconduct.  *Id.*

21           Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the

22   pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  However, "[t]hreadbare recitals of the elements

23   of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at

24   678.  "The court is not required to accept legal conclusions cast in the form of factual allegations if

25   those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness*

26   *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

27           Pro se pleadings are liberally construed and held to a less stringent standard than those

28   drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This is particularly true with

United States District Court
Northern District of California

4

1  respect to the factual allegations in a pro se complaint.  *Chambers v. C. Herrera*, --- F.4th ---,

2  2023 WL 5211040, at *7 (9th Cir. 2023).  "[A] district court should not dismiss a pro se complaint

3  without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not

4  be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up).

5  **III.   DISCUSSION**

6         Mr. Navarrete argues that Mr. Constantin's claims should be dismissed on four separate

7  grounds.  First, he argues that the claims are barred in whole or in part by the doctrine of quasi-

8  judicial immunity.  Second, he argues that there is no individual liability for violations of Title II

9  of the ADA.  Third, he argues that a section 1983 claim cannot be used to vindicate purported

10  violations of the ADA.  Fourth, he argues that, in any event, Mr. Constantin is not entitled to

11  equitable relief under the ADA or under section 1983.  Additionally, both parties ask the Court to

12  take judicial notice of several documents.

13         The Court first addresses the parties' requests for judicial notice, then summarizes Mr.

14  Constantin's claims, and finally turns to Mr. Navarrete's arguments for dismissal.

15         **A.      Requests for Judicial Notice**

16         Mr. Navarrete asks the Court to take judicial notice of the dockets in Mr. Constantin's

17  California Court of Appeal and Supreme Court cases, his November 4, 2021 Petition to Transfer

18  to Supreme Court, and a court order in an unrelated action, *Lund v. Cowan*, No. 2:20-cv-1894-

19  SVW-JC (C.D. Cal. Jul. 27, 2020).  Dkt. No. 7-1 at ECF 2.  Mr. Constantin asks the Court to take

20  judicial notice of a brief filed by the U.S. Department of Justice in another unrelated action,

21  *McAleese v. Pennsylvania Department of Corrections*, No. CA99-381 (W.D. Pa.).  Dkt. No. 10-1

22  at 2.

23         "Generally, district courts may not consider material outside the pleadings when assessing

24  the sufficiency of a complaint."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir.

25  2018).  However, a court may take judicial notice of facts that are "not subject to reasonable

26  dispute" because they are "generally known" or "can be accurately and readily determined from

27  sources whose accuracy cannot reasonably be questioned."  *Id.* at 999; Fed. R. Evid. 201(b).

28         A court's docket and the documents filed in a proceeding are reliable public records and

United States District Court
Northern District of California

United States District Court
Northern District of California

1  subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). But

2  while a court properly may take notice of such public records, it may not take notice of disputed

3  facts stated in those records. *Khoja*, 899 F.3d at 999 (citing *Lee*, 250 F.3d at 689-90).

4        The Court grants Mr. Navarrete's request for judicial notice of the dockets and the

5  existence of materials filed with the California Supreme Court and Court of Appeal in Mr.

6  Constantin's state court litigation. These documents are reliable public records and overlap with

7  materials already attached as exhibits to Mr. Constantin's complaint. *See* Dkt. No. 1 at ECF 167-

8  243. Additionally, as several months have passed since this action was filed, the Court, on its own

9  motion, takes notice of the current status of Mr. Constantin's state court litigation, as reflected in

10  the courts' dockets and opinions. *See* Fed. R. Evid. 201(c)(1).

11        The Court denies Mr. Navarrete's request for judicial notice of the *Lund* order and Mr.

12  Constantin's request for judicial notice of the *McAleese* brief. Neither of these is an appropriate

13  subject for judicial notice. *See* Fed. R. Evid. 201, Advisory Committee Notes, subdivision (a)

14  (1972) (judicial notice is limited to the facts bearing on a particular case, and does not encompass

15  legal argument or legal authority).

16        **B.**    **Mr. Navarrete's Claims**

17            **1.**    **ADA (claims 1-4)**

18        Title II of the ADA provides that "no qualified individual with a disability shall, by reason

19  of [their] disability, be excluded from participation in or be denied the benefits of the services,

20  programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42

21  U.S.C. § 12132. To state a claim for a violation of Title II, a plaintiff must plausibly allege that:

22  "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in

23  or denied the benefits of a public entity's services, programs or activities, or was otherwise

24  discriminated against by the public entity; and (3) such exclusion, denial of benefits, or

25  discrimination was by reason of his disability." *Weinreich v. Los Angeles Cnty. Metro. Transp.*

26  *Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (cleaned up). "[A] public entity is not required to take

27  any action that it can demonstrate would result in a fundamental alteration in the nature of a

28  service, program, or activity or in undue financial and administrative burdens." *Updike v.*

1   *Multnomah Cnty.*, 870 F.3d 939, 950 (9th Cir. 2017) (quoting 28 C.F.R. § 35.164) (cleaned up).

2      In addition to injunctive relief, compensatory damages under Title II of the ADA are

3   available if a plaintiff shows that the defendant public entity acted with discriminatory intent or

4   with "deliberate indifference" towards the deprivation of the rights in question.  *Ferguson v. City*

5   *of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998); *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1138-39

6   (9th Cir. 2001) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1988)).

7      Mr. Constantin alleges that he has "Autism Spectrum Disorder and Anxiety Disorder" and

8   is therefore a qualified person with a disability.  Compl. ¶¶ 4, 10.  He claims that Mr. Navarrete

9   and the California Supreme Court denied him "meaningful access to court services, by reason of

10  his disability" by ignoring his request for accommodation form, denying his application to file an

11  oversized petition, failing to explain why it denied his petition, and not "cutting the red tape" and

12  hearing his appeal on the merits.  *See id.*  ¶¶ 88-130.  He argues that permission to file an

13  oversized brief, a reasoned explanation for the denial of his application, and transfer of his case to

14  the Supreme Court are reasonable accommodations that the court should have afforded him.  *Id.* ¶¶

15  100-101, 112, 126.  He contends that a "healthy, non-disabled, and effective communicator . . .

16  would have been successful [in] bringing their appeal to [the California Supreme Court] and that

17  [the court] would have engaged with them, accepted, and reviewed their appeal, and given [a]

18  favorable opinion on it."  *Id.* ¶ 35.

19     In his complaint, he asks this Court to "enjoin the [California Supreme Court from]

20  discriminating against individuals with [intellectual and developmental disabilities] such as Mr.

21  Constantin in all their programs, activities, and services," declare that the Supreme Court violated

22  his rights under the ADA and that the accommodations he requested were reasonable, and award

23  him compensatory damages "in excess of $250,000."  *Id.* at 41-43.

24            **2.     Section 1983 (claims 5-8)**

25     To state a claim for relief under section 1983, a plaintiff must plausibly allege that "(1) a

26  person acting under color of State law; (2) subject[ed] or caus[ed] to be subjected to deprivation;

27  (3) a U.S. citizen or person in the jurisdiction of the United States; (4) of a right, privilege, or

28  immunity secured by the Constitution and laws."  *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 (9th

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Cir. 2023).  States and their instrumentalities, including state courts, are not persons subject to suit

2  under section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Greater L.A.*

3  *Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("a suit against the

4  Superior Court is a suit against the state"), *superseded by statute on other grounds*.  Suits against a

5  state official acting in his or her official capacity should be treated as suits against the state.  *Will*,

6  491 U.S. at 71.  A state official, acting under color of state law, may be sued under section 1983 in

7  his or her personal capacity, although the official may have personal immunity defenses.  *Hafer v.*

8  *Melo*, 502 U.S. 21, 25 (1991).

9      A successful section 1983 plaintiff can recover compensatory damages.  *Hazle v. Crofoot*,

10  727 F.3d 983, 992 (9th Cir. 2013); 42 U.S.C. § 1983.  Such a plaintiff may also be entitled to

11  prospective injunctive relief if he can show "a likelihood of substantial and immediate irreparable

12  injury" such as realistic threat that the violation will be repeated.  *City of Los Angeles v. Lyons*,

13  461 U.S. 95, 109, 111 (1983); *see also Melendres v. Arpaio*, 695 F.3d 990, 998 (9th Cir. 2012)

14  (plaintiff may show injury likely to recur where injury stems from a written policy or is part of

15  pattern of officially sanctioned misconduct).

16      Mr. Constantin alleges that Mr. Navarrete violated his rights under the speech and petition

17  clauses of the First Amendment and under the due process clause of the Fourteenth Amendment

18  by rejecting his application to file an oversized petition and failing to entertain his petition for

19  transfer.  Compl. ¶¶ 131-49, 165-72.  Mr. Constantin also claims that Mr. Navarrete violated his

20  constitutional rights by failing to train subordinate court personnel to comply with the ADA.  *Id.*

21  ¶¶ 150-64.

22      To remedy these violations, Mr. Constantin asks the Court to declare that the California

23  Supreme Court violated his rights under the First and Fourteenth Amendments and failed to train

24  its employees, and to order "nonviolent communication training" for Supreme Court staff.  *Id.* at

25  42-43.  He also demands compensatory damages.  *Id.* at 43.

26  **C.      Mr. Navarrete's Arguments**

27      **1.      Quasi-Judicial Immunity**

28  Mr. Navarrete argues that to the extent Mr. Constantin seeks damages,  his claims are

1    barred by quasi-judicial immunity.  Dkt. No. 7 at 7-10.  The Court agrees.

2         It is well-settled that judges are absolutely immune from suit for acts relating to the judicial

3    process.  *Forrester v. White*, 484 U.S. 219, 226-27 (1988).  This immunity extends to others who

4    perform "functions closely associated with the judicial process."  *Duvall*, 260 F.3d at 1133

5    (cleaned up).  As relevant here, court clerks have "quasi-judicial" immunity from suits for

6    damages when they perform tasks that are an integral part of the judicial process or that are

7    undertaken at the express direction of a judicial officer.  *See Acres Bonusing, Inc. v. Marston*, 17

8    F.4th 901, 916 (9th Cir. 2021); *Wright v. Beck*, 981 F.3d 719, 737-38 (9th Cir. 2020).  To

9    determine whether a non-judicial officer is entitled to quasi-judicial immunity, "courts must look

10   to the nature of the function performed and not to the identity of the actor performing it."  *In re

11   Castillo*, 297 F.3d 940, 948 (9th Cir. 2002).

12        Mr. Constantin's principal allegations concern Mr. Navarrete's communication of the

13   California Supreme Court's decision denying his request to file an oversized petition to transfer

14   and denying his successive requests for reconsideration or clarification.  *See* Compl. ¶¶ 26-31.

15   Mr. Navarrete is immune from liability for damages for these actions.  *See In re Castillo*, 297 F.3d

16   at 952-53 (notice of proceedings is "essential part of the adjudicatory process" and protected by

17   quasi-judicial immunity). While the Ninth Circuit has held that quasi-judicial immunity does not

18   extend to court employees responsible for addressing requests for disability accommodations

19   when their role is administrative and separate from the judge handling the case, *see Duvall*, 260

20   F.3d at 1133-35; *Zolin*, 812 F.2d at 1107-08, the conduct that Mr. Constantin complains of here

21   does not appear to fall within this exception.  Mr. Navarrete's communications with Mr.

22   Constantin, all of which are attached as exhibits to the complaint, reflect that he communicated

23   decisions on behalf of the court on the merits of Mr. Constantin's request for permission to file a

24   petition that exceeded the page limits set forth in the court's rules.  *See* Dkt. No. 1 at ECF 191

25   ("*The court* has considered your application. . . .") (emphasis added).  They do not reflect that he

26   made administrative decisions regarding matters unrelated to the judicial process itself.  *See

27   Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (clerk's actions "in coordination" with

28   judge are protected by quasi-judicial immunity).

United States District Court
Northern District of California

1    Quasi-judicial immunity would not extend to any actions Mr. Navarrete took on his own

2    initiative to grant or deny Mr. Constantin's request for accommodations.  However, to the extent

3    Mr. Constantin claims that the California Supreme Court, or Mr. Navarrete acting on its behalf,

4    was required to allow Mr. Constantin to file a 471-page petition because he suffers from autism

5    spectrum disorder and/or anxiety disorder, the complaint does not plausibly allege any connection

6    between Mr. Constantin's alleged disability and a need for hundreds of extra pages.  *See Whitaker*

7    *v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (an ADA complaint must contain

8    "factual detail" that puts the defendant "on notice" of how the barriers in question "denied

9    [plaintiff] full and equal enjoyment of the premises"); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631

10   F.3d 939, 955 (9th Cir. 2011) (plaintiff was required to "identify how any of the alleged violations

11   threatens to deprive him of full and equal access due to his disability if he were to return to the

12   Store, or how any of them deter him from visiting the Store due to his disability.").

13   Mr. Constantin's other allegations concern Mr. Navarrete's alleged failure to respond to

14   Mr. Constantin's separate MC-410 request for accommodations form.  Compl. ¶ 25.  In that form,

15   Mr. Constantin also asked for "help with oral argument and court processes."  *See* Dkt. No. 1 at

16   ECF 168.  However, because the California Supreme Court did not accept Mr. Constantin's non-

17   conforming petition in the first instance, neither the court nor Mr. Navarrete addressed whether

18   Mr. Constantin might need any assistance with oral argument or compliance with court processes.

19   Accordingly, Mr. Navarrete is entitled to quasi-judicial immunity with respect to Mr.

20   Constantin's damages claims under the ADA and section 1983 to the extent those claims are based

21   upon Mr. Navarrete's communications with Mr. Constantin regarding decisions of the California

22   Supreme Court.

23                    **2.    Individual Liability for ADA Violations**

24   Mr. Navarrete argues that he has no individual liability under Title II because he is not a

25   public entity.  Dkt. No. 7 at 10-11.  The Court agrees.

26   Title II of the ADA prohibits "public entities" from discriminating on the basis of

27   disability in their "services, programs, or activities."  42 U.S.C. § 12132.  "Public entities" are

28   defined as "state or local government[s]" and their "department[s], agenc[ies], special purpose

United States District Court
Northern District of California

10

1    district[s], or other instrumentalit[ies]."  *Id.* §§ 12131(1)(A), (B).  Mr. Navarrete, an individual,

2    cannot be liable as a "public entity" for any alleged violations of Title II.  *Ervin v. Jud. Council of*

3    *Cal.*, 307 F. App'x 104, 105 (9th Cir. 2009); *see also Roberts v. California Dep't of Corr. &*

4    *Rehab.*, No. EDCV 16-1929 CJC (JC), 2017 WL 3635175, at *9 (C.D. Cal. Aug. 22, 2017)

5    (collecting cases); *Sidiakina v. Bertoli*, No. C 10-03157 JSW, 2012 WL 12850130, at *4 (N.D.

6    Cal. Sept. 7, 2012)..

7                              **3.       Section 1983 Claim for ADA Violations**

8            Mr. Navarrete argues that Mr. Constantin's section 1983 claims fail because they are based

9    on the same allegations which support his ADA claims, and thus, according to Mr. Navarrete, Mr.

10   Constantin seeks to "vindicate his rights under Title II of the ADA" by pleading claims under

11   section 1983.  Dkt. No. 7 at 11.

12           While Mr. Navarrete is correct that Mr. Constantin may not use section 1983 to vindicate

13   rights protected by the ADA, *see Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012); *Vinson v.*

14   *Thomas,* 288 F.3d 1145, 1155-56 (9th Cir. 2002), Mr. Constantin nevertheless may rely on section

15   1983 to vindicate violations of his First and Fourteenth Amendment rights, even if he also relies

16   on the same or similar factual allegations to support his ADA claims.  *See United States v.*

17   *Georgia*, 546 U.S. 151, 157 (2006) ("[I]t is quite plausible that the alleged deliberate refusal of

18   prison officials to accommodate [plaintiff's] disability-related needs in such fundamentals as

19   mobility, hygiene, medical care, and virtually all other prison programs[, in violation of the Eighth

20   Amendment,] constituted a [violation of the ADA.]").

21           All of Mr. Constantin's section 1983 claims allege constitutional violations.  *See* Compl.

22   ¶¶ 131-172.  However, Mr. Constantin also alleges that Mr. Navarrete "failed to train" court

23   employees to accommodate people with intellectual and developmental disabilities, in violation of

24   the ADA.  *Id.*  ¶¶ 150-164.  The Court agrees with Mr. Navarrete that any claim based on these

25   ADA-specific allegations fails to the extent it seeks to vindicate rights under Title II of the ADA.

26                              **4.       Equitable Relief under the ADA**

27           Mr. Navarrete argues that Mr. Constantin is not entitled to declaratory or injunctive relief

28

United States District Court
Northern District of California

United States District Court
Northern District of California

for alleged violations of Title II of the ADA.[5]  Dkt. No. 7 at 11-13.  Mr. Navarrete's arguments on this point are not entirely clear.  However, he appears to raise issues of Article III standing.[6]

"To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up).  "To have standing to assert a claim for prospective injunctive relief, a plaintiff must demonstrate that he is realistically threatened by a repetition of the violation."  *Melendres*, 695 F.3d at 997 (quoting *Lyons,* 461 U.S. at 109) (cleaned up).  A plaintiff may do so by showing "that the defendant had, at the time of the injury, a written policy, and that the injury stems from that policy" or "that the harm is part of a pattern of officially sanctioned behavior, violative of the plaintiffs' federal rights."  *Id.* at 998 (cleaned up).  "Encountering ADA violations . . . in the past is not itself sufficient for standing, though it provides some evidence supporting the likelihood of future harm."  *Langer v. Kiser*, 57 F.4th 1085, 1092 (9th Cir. 2023).  "The limitations that Article III imposes upon federal court jurisdiction are not relaxed in the declaratory judgment context."  *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005).

Mr. Navarrete argues that Mr. Constantin does not face the possibility of future alleged violations of the ADA because he has "no case pending in the California Supreme Court."  Dkt. No. 7 at 12.  Mr. Constantin responds that he "may still file a petition for review of the decision ultimately rendered in his pending appeal" and may require accommodations "at that time."  Dkt. No. 10 at 17.  However, public court records show that the Court of Appeal issued a decision in Mr. Constantin's appeal on February 27, 2023 and denied his petition for rehearing on March 22, 2023.  *See* Docket, *Cassie C. v. Mitchel C.*, No. H047138 (Cal. Ct. App.).  Mr. Constantin filed

---

[5] The Court construes Mr. Constantin's claims for equitable relief as running against Mr. Navarrete in his official capacity only.  *See Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990) (when determining whether an official is sued in his or her personal or official capacity, the court should consider the "basis of the claims asserted and nature of relief sought").  As noted above, Mr. Navarrete has no individual liability for violations of Title II of the ADA.

[6] In any event, "[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing."  *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).

another petition for review in the California Supreme Court, which was denied on May 17, 2023. *See* Docket, *Cassie C. v. Mitchel C.*, No. S27946 (Cal.). The Supreme Court's docket does not suggest that Mr. Constantin asked to file an oversized brief or requested any other accommodations with respect to his petition. *Id.* Under these circumstances, Mr. Constantin "has not met his burden of showing that the [court's] allegedly wrongful behavior will likely recur." *Updike*, 870 F.3d at 948.

Mr. Constantin's request for relief includes a request that the Court enjoin the California Supreme Court from discriminating against other individuals with intellectual and developmental disabilities and order the court to train its staff in nonviolent communication.[7] Compl. at 41-43. However, his complaint does not suggest any basis for this relief beyond his own allegations of past discrimination. *See id.* ¶¶ 25-31, 88-130.

Accordingly, the Court concludes that Mr. Constantin has not demonstrated that he has standing to pursue injunctive or declaratory relief for any alleged violation of the ADA.

### 5.  Equitable Relief under Section 1983

Mr. Navarrete argues that Mr. Constantin also is not entitled to injunctive relief for alleged violations of his constitutional rights under section 1983 because the statute itself bars such relief. Dkt. No. 7 at 9-10.

Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Congress's "use of the term 'judicial' implicates the familiar three-branch structure of government. The judicial branch encompasses officials other than those with the title 'judge,' such as court clerks." *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018).

---

[7] Mr. Constantin claims to have third party standing to seek relief on behalf of other people with disabilities. Dkt. No. 10 at 14. However, third party standing is limited to circumstances where the plaintiff has "a close relationship to the third parties whose rights he claims will be indirectly violated by the law" and "the third parties are hindered from protecting their own interests by bringing a lawsuit of their own." *Tingley v. Ferguson*, 47 F.4th 1055, 1069 (9th Cir. 2022) (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004)) (cleaned up). The allegations of the complaint are insufficient to support third party standing.

United States District Court
Northern District of California

1    In his complaint, Mr. Constantin asks for injunctive relief as a remedy for his section 1983

2    failure to train claim.  Compl. ¶ 163.  Mr. Navarrete contends that this relief is barred.  Dkt. No. 7

3    at 10.  In response, Mr. Constantin concedes that he may not obtain injunctive relief in these

4    circumstances.  Dkt. No. 10 at 21.  The Court agrees.  Mr. Constantin may not obtain injunctive

5    relief against Mr. Navarrete acting in his official capacity as Clerk of the Court for alleged

6    violations of his constitutional rights under section 1983.

7    Mr. Constantin argues that he may nevertheless seek *declaratory* relief, which is not barred

8    by the statute.  *Id.*  While the Ninth Circuit has not decided whether the qualified prohibition on

9    injunctive relief against judicial officers encompasses declaratory relief, "[o]ther circuits have held

10   that prospective declaratory relief is still available" against judicial officers under section 1983.

11   *Lund*, 5 F.4th at 970 n.2 (citing *Just. Network Inc. v. Craighead Cty.*, 931 F.3d 753, 763 (8th Cir.

12   2019)).  It is unnecessary for the Court to reach that issue here, as the declaratory relief Mr.

13   Constantin seeks is not prospective.  *See* Compl. at 41-43 (asking for declarations that Mr.

14   Navarrete "violated" his rights).  He does not "claim[ a] continuing violation of federal law," but

15   rather asks for a declaration concerning "the lawfulness of [Mr. Navarrete's] past actions.  *Green*

16   *v. Mansour*, 474 U.S. 64, 73 (1985).

## IV.    CONCLUSION

18   For the foregoing reasons, the Court concludes that Mr. Constantin's complaint fails to

19   state a claim upon which relief can be granted against Mr. Navarrete.  Mr. Navarrete is entitled to

20   absolute quasi-judicial immunity for any claims for damages arising out of his communications

21   with Mr. Navarrete regarding decisions of the California Supreme Court.  He also may not be held

22   individually liable for violations of Title II of the ADA, and he may not be sued in his official

23   capacity as Clerk of the California Supreme Court under 42 U.S.C. § 1983.

24   The Court doubts that Mr. Constantin will be able to amend his complaint to state any

25   viable claims for relief against Mr. Navarrete in his official or personal capacities.  However, the

26   Court cannot say "that it is impossible that more detailed factual allegations could cure the

27   deficiencies in his complaint."  *Chambers*, 2023 WL 5211040, at \*7.  Accordingly, the Court

28   dismisses Mr. Constantin's complaint, with leave to amend to address the deficiencies described in

United States District Court
Northern District of California

14

this order.

Mr. Constantin may file an amended complaint **no later than October 6, 2023.** Mr. Constantin may not add new claims or parties absent leave of Court.

**IT IS SO ORDERED.**

Dated: September 5, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge